# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30084
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID SAMUELS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-123-1

Before STEWART, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

David Samuels appeals the sentence imposed following remand. He was convicted of conspiracy to commit mail and wire fraud (count 1), mail fraud (counts 2 and 3), wire fraud (counts 5 through 11), use of fire to commit obstruction of justice (counts 13 and 14), and making false statements (count 15). He was resentenced to a total of 660 months of imprisonment and three years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30084

First, Samuels contends that the district court's fact finding relevant to the calculation of the guidelines range violated his Fifth Amendment right to due process and Sixth Amendment right to a trial by jury. Review of this claim is barred by the law-of-the-case doctrine; we rejected the same claim in the original appeal, and *Alleyne v. United* States, 133 S.Ct. 2151 (2013), is not an intervening change of law as applied to the facts of this case. *See United States v. Teel*, 691 F.3d 578, 582-84 (5th Cir. 2012). Moreover, even if review was not barred and this claim was reviewed de novo, this claim would fail. The district court did not err in conducting its own fact finding for purposes of applying the guidelines cross-reference and determining the guidelines range. *See United States v. Hinojosa*, 749 F.3d 407, 412-13 (5th Cir. 2014); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

Second, Samuels contends that the district court's fact finding relevant to the statutory minimum sentence applicable to count 14 violated his Fifth Amendment right to due process and Sixth Amendment right to a trial by jury. Even if Samuels did not waive review of this claim by failing to raise it in the original appeal, *see United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008), this claim fails. *Almendarez-Torres v. United States*, 523 U.S. 224, 239-47 (1998), which remains binding precedent post-*Alleyne*, permitted the district court to find that Samuels had two convictions for use of fire to commit obstruction of justice and was therefore subject to a higher statutory minimum term of imprisonment. *See* 18 U.S.C. § 844(h); *see United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Based on the foregoing, Samuels's claim of ineffective assistance of counsel at resentencing is moot because the aforementioned claims fail even under de novo review.

The judgment of the district court is AFFIRMED.